# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-525V
Filed: November 30, 2022
UNPUBLISHED

|  |  |
|---|---|
| ROBERTO A. TEJEDA,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs |

*Scot Tyler Scheuerman,* Scheuerman Law Firm, PLLC, San Antonio, TX, for petitioner.
*Kyle Edward Pozza,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

  On April 28, 2020, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012),[2] alleging that he suffered Guillain-Barre Syndrome ("GBS") caused by his December 29, 2017 influenza ("flu") vaccination. (ECF No. 1.) On May 16, 2022, petitioner filed a motion seeking an award of interim attorneys' fees and costs. (ECF No. 43.) Respondent filed a response on September 6, 2022, deferring to the undersigned's discretion with regard to whether petitioner has met the legal requirements for an award of attorneys' fees and costs, whether an interim award is appropriate, and the reasonable amount of any such award. (ECF No. 45.)

  Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Additionally, discretionary awards of interim fees and costs are available to avoid undue hardship. *Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).

This case has been pending for over two years and petitioner seeks reimbursement of $78,700.75, representing $49,760.00 in attorneys' fees and $28,940.75 in expert costs. (ECF No. 43, p. 1.) Additionally, I am satisfied that this case was filed in good faith and with a reasonable basis. Accordingly, I exercise my discretion to permit an interim award of attorneys' fees and costs.

The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam). Special Masters use the lodestar approach to determine what constitutes reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1347.

Upon review of counsel's billing records, the overall number of hours is reasonable, and counsel's requested rate is consistent with what he has previously been awarded. *See Sandoval v. Sec'y of Health & Human Servs.*, No. 20-549V, 2022 WL 3641718, at *2 (Fed. Cl. Spec. Mstr. July 22, 2022). However, as was observed in the prior *Sandoval* case, Mr. Scheuerman has billed at his attorney rate for certain tasks that are better characterized as paralegal in nature. Accordingly, I reduce the hourly rate for those tasks, resulting in a reduction of $1,932.00.[3]

---

[3] Specifically, rate reductions are made relative to tasks that relate to preparing medical records requests, preparing routine filings such as statements of completions or notices of intent to remain in the program, and organizing and sending exhibits. This includes entries dated September 6, 2019 through September 27, 2019, totaling 2.1 hours; entries dated October 14, 2019 totaling .4 hours; entries dated January 9, 2020, totaling .6 hours; an entry of 1 hour dated June 16, 2020; an entry of .9 hours dated June 24, 2020; an entry of .4 hours dated August 13, 2020; an entry of .2 hours dated December 29, 2020; an entry of .4 hours dated August 30, 2021; an entry of .5 hours dated December 1, 2021; an entry of .4 hours dated December 10, 2021; an entry of .2 hours dated December 15, 2021; and an entry of 1.1 hours dated January 11, 2022. In total, the reduced paralegal rate is applied to 2.5 hours from 2019, 3.1 hours from 2020, 1.5 hours from 2021, and 1.1 hours from 2022. Using the OSM Attorneys' Forum Hourly Rate Schedules for the years 2019 through 2022, the following paralegal rates are applied: $156 per hour for 2019; $163 per hour for 2020; $172 per hour for 2021; and $177 for 2022. *Accord Sandoval*, 2022 WL 3641718, at *2. Thus, the reductions are as follows: $610.00 for 2019 (($400-$156) x 2.5 hours); $734.70 for 2020 (($400-$163) x 3.1 hours); $342.00 for 2021 (($400-$172) x 1.5 hours); and $245.30 for 2022 (($400-$177) x 1.1 hours). These reductions total $1,932.00.

With regard to costs, petitioner seeks $10,000.00 for the work of nephrologist Franco Musio, M.D., representing reimbursement for 20 hours of work at a rate of $500 per hour, which I find reasonable.  (ECF No. 43-7, p. 2.)  Petitioner also requests $17,225 for the work of neurologist Nizar Souayah, M.D., representing reimbursement for 26.5 hours of work billed at $650 per hour.  (ECF No. 43-8, p. 3.)  Dr. Souayah has historically been reimbursed at a rate of $500 per hour as recently as last year and petitioner has not provided any argumentation to support a higher rate.  *E.g.*, *Kissinger v. Sec'y of Health & Human Servs.*, No. 17-1063V, 2021 WL 5026810, at *3 (Fed. Cl. Spec. Mstr. Oct. 13, 2021); *Apuzzo v. Sec'y of Health & Human Servs*., No. 17-1915V, 2021 WL 4305223, at *3 (Fed. Cl. Spec. Mstr. Aug. 23, 2021).  Applying this rate, the cost associated with Dr. Souayah's work is reduced by $3,975.00.  The remainder of the costs requested by petitioner are also reasonable and sufficiently documented.

In light of the above, petitioner's application for interim attorneys' fees and costs is **GRANTED** and:

> **Petitioner is awarded a lump sum in the amount of $72,793.75, representing reimbursement for interim attorneys' fees and costs, in the form of a check made payable to petitioner and his counsel, Scot Tyler Scheuerman, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

s/Daniel T. Horner<br>
Daniel T. Horner<br>
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).